UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| YUSEF LANG,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:19cv1962(KAD) |
| | : |
| CONNECTICUT DEPARTMENT OF<br>CORRECTIONS, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Yusef Lang ("Lang"), currently incarcerated at the Carl Robinson Correctional Institution in Enfield, Connecticut, brings this civil rights action against the Connecticut Department of Correction, New Haven Correctional Center, Nurse Jane Doe 1, Nurse Jane Doe 2 and Nurse John Doe.[1] Lang alleges that Nurses Jane Doe 1 and 2 were negligent in providing him with the wrong medication to treat his cold symptoms. For the reasons set forth below, the complaint is dismissed.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

---

[1] Neither Nurse Jane Doe 1, Nurse Jane Doe 2, nor Nurse John Doe are listed in the caption on the first page of the complaint. Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption" and that the "title of the complaint must name all parties." The Second Circuit, however, "excuse[s] technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (summary order) (quoting *Phillips v. Girdich*, 408 F.3d 123, 128 (2d Cir. 2005)). Because Nurse Jane Doe 1, Nurse Jane Doe 2, and Nurse John Doe are included in the description of parties, the Court concludes that Lang intended to name these individuals as defendants. The Clerk is directed to add Nurse Jane Doe 1, Nurse Jane Doe 2, and Nurse John Doe as defendants.

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

**Allegations**

On September 23, 2018, Lang submitted a request to the New Haven Correctional Center medical department seeking a decongestant or Mucinex because his head was "clogged up" and he could not breath out of his nose. *See* Compl., ECF No. 1, at 5 ¶ 1; Ex. 1, ECF No. 1-1. On September 24, 2018, Nurse Jane Doe 1 took Lang's vital signs and prescribed Mucinex for his symptoms. *Id.* ¶ 2. She informed Lang that she would deliver Mucinex to him later that day. *Id.* That evening, a nurse dispensed Mucinex to Lang. *Id.* ¶ 3.

Approximately two days later, Nurse Jane Doe 2 visited Lang's cell, verified Lang's

2

inmate number and dispensed "small yellow pills" to him. *Id.* at 5-6 ¶ 4. When Lang indicated that he had not been prescribed medication, Nurse Jane Doe 2 stated that it might be medication for his cold. *Id.* Lang did not ask any further questions and took the pills. *Id.* Each morning, for the next two days, a nurse dispensed the same pills to Lang. *Id.*

On the fourth day, Lang informed Nurse Jane Doe 2 that he did not think he should continue to take the pills for his cold. *Id.* at 6 ¶ 5. Nurse Jane Doe 2 indicated that she could not force him to keep taking the pills. *Id.* Lang refused to take the pills. *Id.* Although a nurse continued to come to Lang's cell each morning and each evening to dispense the same pills to Lang, he refused to take them. *Id.* ¶ 6. Lang subsequently began to feel like was on "a heavy narcotic" and vomited once. *Id.* He also experienced nightmares and night sweats. *Id.*

When Nurse John Doe visited Lang's cell, Lang indicated that other nurses continued to dispense pills to him even though he had never been prescribed medication and that he had experienced nightmares and cold sweats and had vomited once. *Id.* ¶ 7. Nurse John Doe instructed Lang to submit a written request to discontinue the medication that had been dispensed to him. *Id.* ¶ 8. Nurse John Doe also indicated that he would check Lang's medical file for any prescriptions. *Id.*

The following morning, Nurse John Doe confirmed that Lang had never been prescribed medication during his confinement within the Department of Correction. *Id.* ¶¶ 8-9. Because Nurse John Doe could not identify the pills that had been dispensed to Lang, he conducted an internet search and discovered that the pills were usually prescribed for patients who had been diagnosed with Attention Deficit and Hyperactivity Disorder ("ADHD"). *Id.* ¶¶ 8-10. Lang claims that he still experiences "weird nightmares" and wakes up in "cold sweats." *Id.* ¶ 10.

3

**Discussion**

Lang contends that Nurses Jane Doe 1 and 2 were negligent and engaged in malpractice when they prescribed or dispensed the wrong medication to him. He seeks $10,000.00 in damages to compensate him for mental and emotional distress. It is utterly unclear what claim is asserted against Nurse John Doe.

**Department of Corrections and New Haven Correctional Center[2]**

To state a claim under section 1983, Lang must allege that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). A state agency is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (and "governmental entities," like state agencies, "that are considered arms of the State," are not persons within meaning of 42 U.S.C. § 1983) (internal quotation marks and citation omitted). The Department of Correction is part of the executive branch of the State of Connecticut and the New Haven Correctional Center is a prison facility operated by the Department of Correction. *See* Conn. Gen. Stat. 4-38c ("There shall be within the executive branch of state government the following departments . . . Department of Correction. . . ."). Accordingly, the Department of Correction including its prison facilities, is not a person subject to liability under section 1983. *See El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2018 WL 4604308, at *11 (D. Conn. Sept. 25, 2018) ("A correctional institution is not a "person" within the meaning of 42 U.S.C. § 1983 so there is no arguable legal basis for proceeding with a § 1983 claim against NHCC"); *Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008) ("Department of

---

[2] Although Lang lists the Department of Correction and New Haven Correctional Center in the caption of the complaint, he asserts no allegations against either defendant.

Corrections is an arm of the State of Connecticut") (citation omitted). All claims against the Department of Correction and New Haven Correctional Center are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

**Nurses John Doe, Jane Doe 1 and Jane Doe 2 – Official Capacities**

To the extent that Lang seeks compensatory damages from Nurses John Doe, Jane Doe 1 and Jane Doe 2 in their official capacities, those claims for relief are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims seeking monetary damages from Nurses John Doe, Jane Doe 1 and Jane Doe 2 in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Nurses John Doe, Jane Doe 1 and Jane Doe 2 – Individual Capacities**

The Eighth Amendment prohibits "deliberate indifference to an inmate's serious medical needs." *Estelle v Gamble*, 429 U.S. 97, 104 (1976). An inmate must meet two elements to state a claim that a prison official or medical provider was deliberately indifferent to his medical needs. The objective element requires the inmate to assert facts to demonstrate that his medical need or condition is serious. *Hill v. Curcione*, 657 F.3d 116, 122–23 (2d Cir. 2011) (a serious medical need contemplates "a condition of urgency" such as "one that may produce death, degeneration, or extreme pain") (internal quotation marks and citation omitted). In determining whether a condition is serious, the Court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an

5

individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

The second element is subjective. To meet this element, the inmate must allege that the prison official or medical provider was actually aware that his actions or inactions would cause a substantial risk of serious harm. *See Hill*, 657 F.3d at 122 (citation omitted). Mere negligent conduct, however, does not constitute deliberate indifference. *See id.* at 123 ("'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'") (quoting *Estelle*, 429 U.S. at 106). Nor does a difference of opinion between a medical provider and an inmate regarding a diagnosis or appropriate medical treatment. *Chance*, 143 F.3d at 703.

Lang alleges that on September 24, 2018, Nurse Jane Doe 1 prescribed him Mucinex to treat his symptoms of congestion and that another nurse dispensed Mucinex to him later that day. Attached to the complaint is a response to Lang's September 23, 2018 request for a decongestant or Mucinex to treat his congestion symptoms. *See* ECF No. 1-1. The date of the response is missing but it reflects that a registered nurse reported that she dispensed Mucinex to Lang and instructed him to drink plenty of water, wash his hand frequently to prevent infection and to cover his mouth when he coughed. *See id.*

Approximately two days after September 24, 2018, Nurse Jane Doe 2 dispensed "small yellow pills" to Lang. When Nurse Jane Doe 2 suggested that the pills might be medication to treat his cold, Lang took the pills without question. Three days later, Lang refused to continue to take the pills. He subsequently experienced various symptoms including nightmares, night sweats and vomiting.

6

Even if the court was to assume that Lang's symptoms were serious, he has not alleged that any of the Doe defendants acted with a culpable state a mind in order to satisfy the subjective prong of the Eighth Amendment standard. Lang alleges that he described his symptoms to Nurse John Doe and suggested that the symptoms might be due to medication that he had been taking. In response, John Doe instructed him to put in a written request to discontinue the medication, confirmed that Lang had not been prescribed medication and identified the medication that had been dispensed to him as a medication used to treat ADHD. There are simply no allegations that Nurse John Doe ignored Lang's symptoms, failed to respond to any requests for medical treatment or improperly provided treatment.

The only allegations against Nurse Jane Doe 1 and Nurse Jane Doe 2 is that they gave him medicine that was not prescribed to him. Lang summarily asserts that these nurses were negligent and their conduct was malpractice. *See* Compl. at 6. However, negligence or medical malpractice does not give rise to an Eighth Amendment deliberate indifference claim. *See Estelle,* 429 U.S. at 105–06 (noting that mere negligence in diagnosis or treatment of a medical condition is insufficient to state a valid Eighth Amendment claim and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"); *Bennett v. Care Correction Sol. Med. Contract[o]r*, No. 15 CIV. 3746 (JCM), 2017 WL 1167325, at *7 & n.13 (S.D.N.Y. Mar. 24, 2017) (allegation that nurse practitioner "prescribed [plaintiff] the "wrong" medication for a knee infection, which took eight months to

7

heal" did not state claim of deliberate indifference particularly in view of the fact that plaintiff described "conduct as negligent or as malpractice"); *Miller v. Nassau Health Care Corp.*, No. 09-CV-5128 JFB AKT, 2012 WL 2847565, at *7 (E.D.N.Y. July 11, 2012) ("Accidentally administering the wrong medication in this situation does not constitute recklessness, and, at worst, reaches only the level of negligence.") (citation omitted).

The Eighth Amendment claims against Nurse Jane Doe 1, Nurse Jane Doe 2 and Nurse John Doe are dismissed. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

The Clerk is directed to add Nurse Jane Doe 1, Nurse Jane Doe 1, and Nurse John Doe as defendants. The Eighth Amendment claims for money damages against Nurse Jane Doe 1, Nurse Jane Doe 2 and Nurse John Doe in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the Eighth Amendment claims against the Department of Correction and New Haven Correctional Center and the Eighth Amendment claims against Nurse Jane Doe 1, Nurse Jane Doe 2 and Nurse John Doe in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Because there are no allegations in the complaint that suggest that Lang could assert a plausible federal claim against any defendant, no basis exists to permit Lang to file an amended complaint. *See Nogbou v. Mayrose*, 400 F. App'x 617, 620 (2d Cir. 2010) ("Here, the district court properly determined that an amendment would be futile on the ground that negligence and medical malpractice claims are not actionable under § 1983.") (citation omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (district court need not grant leave to amend when filing of amended complaint would be futile). The Clerk is directed to enter judgment for the defendants and to close this case.

SO ORDERED at Bridgeport, Connecticut this 6th day of April, 2020.

                                                                                        ___/s/_____
                                                                                        Kari A. Dooley
                                                                                        United States District Judge